IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CV-776-D

| | |
|---|---|
| RUTH EVELYN SCHICK, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CAROLYN W. COLVIN, Acting )<br>Commissioner of Social Security, )<br>)<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

In this action, plaintiff Ruth Evelyn Schick ("plaintiff" or, in context, "the claimant") challenges the final decision of defendant Acting Commissioner of Social Security Carolyn W. Colvin ("Commissioner") denying her application for supplemental security income ("SSI") on the grounds that she is not disabled. The case is before the court on plaintiff's motion for summary judgment (D.E. 11)[1] and the Commissioner's motion for judgment on the pleadings (D.E. 13). Each party filed a memorandum in support of its motion (D.E. 12, 14). The motions were referred to the undersigned Magistrate Judge for a memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (*See* D.E. 15). For the reasons set forth below, it will be recommended that plaintiff's motion be allowed, the Commissioner's motion be denied, and this case be remanded for further proceedings.

---

[1] Pursuant to the court's 5 February 2015 order (D.E. 9 ¶ 1), plaintiff should have styled her motion as one for judgment on the pleadings, not summary judgment. The court will treat the motion as one for judgment on the pleadings.

# BACKGROUND

## I. CASE HISTORY

Plaintiff filed an application for SSI on 28 November 2011, alleging a disability onset date of 9 December 2009. Transcript of Proceedings ("Tr.") 15. The application was denied initially and upon reconsideration, and a request for hearing was timely filed. Tr. 15. On 22 October 2013, a hearing was held before an administrative law judge ("ALJ") at which plaintiff and a vocational expert testified. Tr. 24-59. On 17 December 2013, the ALJ issued a decision denying plaintiff's application, finding that she was not under a disability from the date the application was filed through the date of the decision. Tr. 15-21. The ruling could not extend to earlier than the application date because SSI is not payable prior to the month following the month in which the application was filed, irrespective of the claimant's alleged onset date. *See* 20 C.F.R. § 416.335. Plaintiff requested review by the Appeals Council. Tr. 10-11. The Appeals Council denied the request on 16 September 2014. Tr. 1-5. At that time, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481. Plaintiff commenced this proceeding for judicial review on 7 November 2014, pursuant to 42 U.S.C. § 405(g). (*See* Compl. (D.E. 1)).

## II. STANDARDS FOR DISABILITY

The Social Security Act ("Act") defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). "[A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is

not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B). The Act defines a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D).

The disability regulations under the Act ("Regulations") provide a five-step analysis that the ALJ must follow when determining whether a claimant is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 416.909, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in [20 C.F.R. pt. 404, subpt. P, app. 1] ["Listings"] . . . and meets the duration requirement, we will find that you are disabled. . . .
>
> (iv) At the fourth step, we consider our assessment of your residual functional capacity ["RFC"] and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .
>
> (v) At the fifth and last step, we consider our assessment of your [RFC] and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . . .

20 C.F.R. § 416.920(a)(4).

3
Case 5:14-cv-00776-D   Document 16   Filed 10/13/15   Page 3 of 12

The burden of proof and production rests with the claimant during the first four steps of the analysis. *Pass*, 65 F.3d at 1203. The burden shifts to the Commissioner at the fifth step to show that alternative work is available for the claimant in the national economy. *Id.*

In the case of multiple impairments, the Regulations require that the ALJ "consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 416.923. If a medically severe combination of impairments is found, the combined impact of those impairments will be considered throughout the disability determination process. *Id.*

### III. FINDINGS OF THE ALJ

Based on the birthdate plaintiff provided in her hearing testimony (*see* Tr. 30), she was 57 years old on the date that the application was filed, although the ALJ found that she was 56 (*see* Tr. 18 ¶ 4).[2] She was 59 years old on the date of the administrative hearing. Tr. 18 ¶ 4. She has a high school education and past relevant work as a quality control inspector and manufacturing assembly line worker. Tr. 18 ¶ 4.

Applying the five-step analysis of 20 C.F.R. § 416.920(a)(4), the ALJ found at step one that plaintiff had not engaged in substantial gainful activity since the 28 November 2011 application date. Tr. 17 ¶ 1. At step two, the ALJ found that plaintiff had the following medically determinable impairments that were severe within the meaning of the Regulations: lumbago, cervicalgia, and osteoarthritis of the left knee. Tr. 17 ¶ 2. At step three, the ALJ found that plaintiff's impairments did not meet or medically equal any of the Listings. Tr. 17 ¶ 3.

The ALJ next determined that plaintiff had the RFC to perform light work as defined in 20 C.F.R. § 416.967(b)—that is, sitting, standing, or walking for 6 hours in an 8-hour workday and lifting, carrying, pushing, and pulling 10 pounds frequently and 20 pounds occasionally—

---

[2] Both ages are in the advanced age category. *See* 20 C.F.R. § 416.653.

4

subject to several limitations. Tr. 17 ¶ 4; *see* 20 C.F.R. § 416.967(b).[3] The limitations are as follows:

> [The claimant] is limited to frequent reaching overhead; occasional balancing and climbing; occasional stooping, crouching, kneeling, and crawling; occasional working at heights or around dangerous machinery; and, no working at temperature extremes or outdoors.

Tr. 17 ¶ 4.

Based on his determination of plaintiff's RFC and the testimony of the vocational expert concerning the work-related activities required by her past relevant work, the ALJ found at step four that plaintiff was able to perform her past relevant work as a quality control inspector and blow molding machine operator because the work-related activities required by these jobs were not precluded by her RFC. Tr. 20 ¶ 5. The ALJ accordingly concluded that plaintiff was not disabled from the date her application was filed, 28 November 2011, through the date of his decision, 17 December 2013. Tr. 21 ¶ 6.

## IV. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), judicial review of the final decision of the Commissioner is limited to considering whether the Commissioner's decision is supported by substantial evidence in the record and whether the appropriate legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Unless the court finds that the Commissioner's decision is not supported by substantial evidence or that the wrong legal standard was applied, the Commissioner's decision must be upheld. *See Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). Substantial evidence is "'such relevant evidence as a reasonable mind might

---

[3] *See also Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991) ("DOT"), app. C § IV, def. of "L-Light Work," http://www.oalj.dol.gov/libdot.htm (last visited 13 Oct. 2015). "Light work" and the other terms for exertional level as used in the Regulations have the same meaning as in the DOT. *See* 20 C.F.R. § 416.967.

5

accept as adequate to support a conclusion.'" *Perales*, 402 U.S. at 401 (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is more than a scintilla of evidence, but somewhat less than a preponderance. *Id.*

The court may not substitute its judgment for that of the Commissioner as long as the decision is supported by substantial evidence. *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). In addition, the court may not make findings of fact, revisit inconsistent evidence, or make determinations of credibility. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). A Commissioner's decision based on substantial evidence must be affirmed, even if the reviewing court would have reached a different conclusion. *Blalock*, 483 F.2d at 775.

Before a court can determine whether a decision is supported by substantial evidence, it must ascertain whether the Commissioner has considered all relevant evidence and sufficiently explained the weight given to probative evidence. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439-40 (4th Cir. 1997). "Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983).

## DISCUSSION

### I.     OVERVIEW OF PLAINTIFF'S CONTENTIONS

Plaintiff contends that this case should be remanded for the award of benefits or, alternatively, for a new hearing on the grounds that the ALJ erred by: (1) not addressing a prior state Medicaid decision finding her disabled; and (2) not properly determining her RFC. Because the court finds the first issue dispositive of this appeal, it addresses below only that issue.

## II. ALJ'S FAILURE TO CONSIDER THE STATE MEDICAID DISABILITY DECISION

On 27 September 2012, the North Carolina Department of Health and Human Services issued a decision approving plaintiff for disability-based Medicaid benefits, effective 1 November 2011 ("state Medicaid disability decision"). Tr. 230-34 (Ex. 9E). The decision held that plaintiff had the RFC to perform sedentary work (Tr. 232 ¶ 5), but that she satisfied the criteria for Medical-Vocational Rule 201.06 (Tr. 233 ¶ 5), which directs a determination of "disabled." The ALJ did not mention the disability determination in his decision or cite to the exhibit (Exhibit 9E) containing it.

Under 20 C.F.R. § 416.904, a decision by any governmental or nongovernmental agency about whether a claimant is disabled is not binding on the Social Security Administration. But Social Security Ruling 06-03p requires that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *6 (9 Aug. 2006). The ruling explains that "[t]hese decisions, and the evidence used to make these decisions, may provide insight into the individual's mental and physical impairment(s) and show the degree of disability determined by these agencies based on their rules." *Id.* at *7. "Decisions by other agencies as to the disability status of a Social Security applicant are considered so probative that the ALJ is required to examine them in determining an applicant's eligibility for benefits." *Alexander v. Astrue*, No. 5:09-CV-432-FL, 2010 WL 4668312, at *4 (E.D.N.C. 5 Nov. 2010) (remanding the case for consideration of a state Medicaid decision). Furthermore, the ALJ should explain the weight given the disability decision by the other agency. Soc. Sec. Ruling 06-03p, 2006 WL 2329939, at *7 ("[T]he adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . . ."); *see also Bridgeman v. Astrue*, No. 4:07-CV-81-D, 2008 WL

7

1803619, at *10 (E.D.N.C. 21 Apr. 2008) (remanding for further explanation where the ALJ noted the ruling that plaintiff was eligible for Medicaid assistance but gave it no weight on the sole ground that another agency decision is not binding); *Owens v. Barnhart*, 444 F. Supp. 2d 485, 492 (D.S.C. 2006) (holding that an ALJ should be "required to provide sufficient articulation of his reasons for [rejecting another agency's disability determination] to allow for a meaningful review by the courts").

The Commissioner concedes, as she must, that the ALJ erred by not mentioning the state Medicaid decision. She argues, though, that the error was harmless, citing *Shinseki v. Sanders*, 556 U.S. 396 (2009) and *Garner v. Astrue*, 436 F. App'x 224 (4th Cir. 2011). In *Shinseki*, the Supreme Court held that denials of claims for veterans disability benefits by the Department of Veterans Affairs should be reversed only if there is error that is harmful and that the claimant has the burden of showing that an error is harmful. *Shinseki*, 556 U.S. at 406, 409-10. As the Commissioner points out, *Shinseki* admonished against "determining whether an error is harmless through the use of mandatory presumptions and rigid rules rather than case-specific application of judgment, based upon examination of the record." *Id.* at 407. In *Garner*, the Fourth Circuit applied *Shinseki* to an appeal from denial of Social Security benefits. *Garner*, 436 F. App'x at 225 n.*.

The court finds that the ALJ's error was not harmless. It cannot determine whether the ALJ's decision is supported by substantial evidence without an explanation of the weight, if any, the ALJ accorded the state Medicaid decision. *See, e.g., Taylor v. Colvin*, No. 4:14–CV–81–FL, 2015 WL 4208773, at *4-6 (E.D.N.C. 16 June 2015), *mem. & recomm. adopted by* 2015 WL 4208802, at *1 (8 July 2015); *Baughman v. Colvin*, No. 5:13–CV–143–FL, 2014 WL 3345030, at *8 (E.D.N.C.) (holding that the ALJ failed to "'provide sufficient articulation for his reasons

for [dismissing the Medicaid decision] so to allow for a meaningful review by the courts'" (quoting *Taylor v. Astrue*, No. 7:10–CV–149–FL, 2011 WL 2669290, at *5 (E.D.N.C. 7 July 2011)), *mem. & recomm. adopted by* 2014 WL 3345030, at *1 (8 July 2014); *Owens*, 444 F. Supp. 2d at 492; *see also Batchelor v. Colvin*, 962 F. Supp. 2d 864, 867-68 (E.D.N.C. 2013). Considerations specific to that decision dictating that an explanation be provided include the fact that it relates to a period relevant to the ALJ's decision. As noted, the state Medicaid decision found plaintiff disabled as of November 2011 and the ALJ found her not disabled going back to November 2011. Moreover, the state Medicaid decision concerns the same conditions that are the subject of the ALJ's decision and is based to a substantial degree, if not entirely, on evidence that was also before the ALJ. *Compare* Tr. 232 ¶¶ 4, 5 (state Medicaid decision) *with* Tr. 17 ¶ 3; 18-9 ¶ 4 (ALJ's decision). Significantly, the state Medicaid decision is based on Social Security regulations just, of course, as the ALJ's decision is. *See Alexander*, 2010 WL 4668312, at *4 (holding that failure to consider a state Medicaid decision was not harmless because, among other reasons, the same rules applied to it as to the ALJ's decision). All of these considerations lend probative weight to the state Medicaid decision. The fact that the state Medicaid decision sets out the factual basis and rationale for the finding of disability facilitates meaningful analysis by an ALJ. It contrasts with a naked decision setting out only the result.

While the ALJ's failure to mention the state Medicaid decision suggests that he did not consider it, other evidence of record suggests that he did. Such other evidence includes plaintiff's attorney's express reference to the state Medicaid decision at the hearing, including citation to its exhibit number: "In exhibit 9E, the North Carolina Department of Health and Human Services, also found that [plaintiff] was disabled and gridded out." Tr. 28-29. Also at the hearing, the ALJ himself identified Exhibit 9E as an exhibit he was receiving into evidence.

9

Tr. 27. In addition, throughout his decision, the ALJ states that he considered all the evidence. *See* Tr., *e.g.*, 15 ("After consideration of all the evidence . . . ."); 17 ("After careful consideration of the entire record . . . ."); 17 ¶ 4 (same); 18 ¶ 4 ("After careful consideration of the evidence . . . ."). Thus, it is unclear whether the ALJ simply ignored the state Medicaid decision or considered it, but chose to keep to himself the weight he accorded it. The need to resolve this ambiguity is another basis for remand. *See Taylor*, 2015 WL 4208773, at *5.

The Commissioner contends that the ALJ's error in not discussing the state Medicaid decision was harmless because the state hearing officer did not have before her evidence the ALJ discussed in support of his decision. She points specifically to plaintiff's seeing a new physician in July 2013 for narcotic medication after her prior physician discontinued such medication when she produced an abnormal urine drug screen and a September 2013 spinal MRI revealing "minimal" cervical degenerative disc disease. Tr. 19 ¶ 4. The Commissioner would have the court speculate as to grounds upon which the ALJ purportedly could have given little to no weight to the ALJ's decision. But such speculation, of course, is not the court's role. *Pushkal v. Colvin*, No. 5:12-CV-223-FL, 2013 WL 4828560, at *7 (E.D.N.C.) ("[I]t is not the court's role to speculate about . . . what the [ALJ's] intended but unexpressed meaning might be."), *mem. & recomm. adopted by* 2013 WL 4828560, at *7 (10 Sept. 2013).

Moreover, the notion suggested by the Commissioner's argument that the state Medicaid decision could not reasonably have been expected to produce a different outcome is baseless. While there is evidence in the record tending to minimize the severity and limiting effect of plaintiff's impairments, there is also evidence to the contrary. As the ALJ's decision itself indicates, plaintiff received in recent years narcotic medication and more than 50 injections for her spinal pain, both of which continued after the change in physicians and the MRI cited by the

Commissioner. *See* Tr. 19 ¶ 4. Further, the exertional level at which the state Medicaid decision placed plaintiff—sedentary—is only one level below that at which the ALJ placed plaintiff—light. The ALJ himself included several postural and environmental limitations in plaintiff's RFC. *See* Tr. 17 ¶ 4. And, of course, plaintiff was in the advanced age category, another factor tending to erode the occupational base available to her. The reasonable possibility that proper consideration of the state Medicaid decision could reasonably be expected to have produced a different outcome provides an independent basis for remand.

## **CONCLUSION**

For the foregoing reasons, IT IS RECOMMENDED that plaintiff's motion (D.E. 11) for judgment on the pleadings be ALLOWED, the Commissioner's motion (D.E. 13) for judgment on the pleadings be DENIED, and this case be REMANDED to the Commissioner pursuant to sentence six of 42 U.S.C. § 405(g) for further proceedings consistent with this Memorandum and Recommendation. In making this recommendation, the court expresses no opinion on the weight that should be accorded any piece of evidence, matters that are for the Commissioner to resolve.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on each of the parties or, if represented, their counsel. Each party shall have until 27 October 2015 to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If a party does not file written objections to the Memorandum and Recommendation by the foregoing deadline, the party will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, the party's failure to file written objections by the foregoing deadline will bar the party from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Any response to objections shall be filed within 14 days after the date of filing of the objections.

This 13th day of October 2015.

James E. Gates
United States Magistrate Judge